# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# Wheeling

**BENJAMIN LEE WILSON,**

        Plaintiff,

v.                          **Civil Action No.: 5:21-CV-105**
                                          Judge Bailey

**A.L. BARNETTE, J.L. ANGLIN,**
and **FRANK DAVID ROBERTS,**

        Defendants.

## REPORT AND RECOMMENDATION

## I. Background

Plaintiff initiated this action on July 8, 2021, by filing a Complaint under 42 U.S.C. § 1983. Plaintiff is a state prisoner who is challenging two arrests and a search and seizure. On June 30, 2022, plaintiff filed an amended Complaint. On February 24, 2023, defendant Roberts filed a Motion for Summary Judgment [Doc. 88] and defendants Barnette and Anglin likewise filed a Motion for Summary Judgment [Doc. 90]. On March 16, 2023, plaintiff filed objections to each of the motions. [Docs. 98, 99]. Defendants have in turn filed replies. These motions are now fully briefed and ripe for decision. This matter is assigned to the Honorable John Preston Bailey, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned recommends that the Motions for Summary Judgment be granted and this case be dismissed with prejudice.

## II. The Complaint

According to the Amended Complaint, plaintiff was arrested on February 27, 2020,[1] by defendant Anglin, who also searched plaintiff's 2007 Saturn Ion II. Plaintiff's first claim is that although arrested for driving on a suspended license, plaintiff contends that he was in a nearby building, was not driving the vehicle, and that there was no basis for arresting him or searching the vehicle.  Second, plaintiff alleges that the vehicle was seized illegally.  Third, plaintiff alleges that his personal property, including the 2007 Saturn Ion II, two welding helmets, and two welders, were sold by defendant Roberts. Fourth, plaintiff claims he was illegally detained for twenty-one months.

## III. Motions for Summary Judgment

In defendants memoranda in support of their Motions for Summary Judgment, including exhibits, defendants provide a fuller explanation of the events in question.  On February 27, 2020, defendant Anglin responded to a 911 call about shoplifting at a Circle K convenience store.  Anglin arrested a Martha Sisk for shoplifting; Sisk had been in the passenger seat of a 2007 Saturn Ion at the time, and she informed Anglin she was driven to the Circle K by plaintiff.  After speaking with plaintiff, Anglin determined that plaintiff had driven to the Circle K on a suspended license, and after plaintiff's refusal to comply with Anglin's investigation, he arrested plaintiff for obstructing an officer and driving with a suspended license, charges plaintiff later pleaded guilty to.

Defendant Anglin also observed welding equipment in the backseat of the Saturn Ion which he suspected of being stolen and called for the vehicle to be towed; defendant

---

[1] The Amended Complaint states that the arrest occurred on February 27, **2022**; however, from other filings in this case, including plaintiff's earlier Complaint it is apparent that this is a scrivener's error.

Roberts is the owner of a two company, and he arrived and towed the Saturn Ion. The next morning, Roberts found that a break-in had occurred and that the Saturn Ion had been stolen from his garage. The vehicle was later found in the parking lot of Hopemont State Hospital, where surveillance footage showed the driver of the Saturn Ion arrive and transfer items from the vehicle to a Chevrolet Suburban, which defendant Barnette concluded was a vehicle belonging to plaintiff's father, David Wilson. While investigating this incident, plaintiff's father admitted to defendant Barnette that plaintiff had told him that he had broken into defendant Roberts' garage and stolen the Saturn Ion. Later that day, February 29, 2020, defendant Barnette arrested plaintiff for a parole violation.

Further, at the time the events occurred, the Saturn Ion in this case was registered to plaintiff's father, David Wilson; although plaintiff claims he had paid his father $600 toward the purchase of the vehicle, the alleged sale was never completed.

The welding equipment from the Saturn Ion was later confirmed to have been stolen from a Tractor Supply store in Oakland, Maryland, and transaction records from a pawn shop in Morgantown, West Virginia, showed that plaintiff had sold the equipment on February 28, 2020.

In defendants Barnette and Anglin's memorandum they argue, first, that plaintiff lacks standing to assert any Fourth Amendment violation because he has no reasonable expectation of privacy over either the Saturn Ion or the welding equipment. Second, that the claims against them fail because the arrests were supported by probable cause. Third, that both officers are entitled to qualified immunity.

In defendant Robert's memorandum he argues, first, that plaintiff lacks standing to assert a Fourth Amendment violation, incorporating the arguments raised by defendants

Barnette and Anglin. Second, that Roberts is not liable under § 1983 because he was a private citizen not acting under color of law. Third, that even if he acted under color of law, Roberts did not violate plaintiff's rights.

In his objections to Barnette and Anglin's motion, plaintiff argues that he was not in the vehicle and that the criminal complaint does not state that he admitted to driving the alleged vehicle, and that he was "never caught in possession of any stolen property." In his objection to defendant Roberts' motion, plaintiff contends that Roberts cannot show that the Saturn Ion was in fact stolen from his garage.

## IV. Standard of Review

**A.      Section 1983 Claims**

The Supreme Court has held that:

> Title 42 U.S.C. § 1983 provides a cause of action against "[e]very person who, under color of any statute ... of any State ... subjects, or causes to be subjected, any citizen ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws...." The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.

*Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citing *Carey v. Piphus*, 435 U.S. 247, 254–257 (1978)). In *Gomez v. Toledo*, 446 U.S. 635 (1980), the Supreme Court succinctly stated what a plaintiff must allege to sustain a civil rights action:

> By the plain terms of § 1983, two—and only two—allegations are required in order to state a cause of action under that statute. First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law.

*Gomez*, 446 U.S. at 640.

**B.     Summary Judgment**

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see ***Celotex Corp. v. Catrett***, 477 U.S. 317, 322 (1986). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 248 (1986). Thus, the Court must conduct "the threshold inquiry of determining whether there is the need for a trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." ***Anderson***, 477 U.S. at 250.

Additionally, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts*.*" ***Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.***, 475 U.S. 574, 586 (1986). That is, once the movant has met its burden to show absence of material fact, the party opposing summary judgment must then come forward with affidavits or other evidence demonstrating there is indeed a genuine issue for trial. Fed. R. Civ. P. 56(c); ***Celotex Corp.***, 477 U.S. at 323–25; ***Anderson***, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." ***Anderson***, 477 U.S. at 249 (citations omitted).

Finally, this Court notes that pro se allegations are held to a less stringent standard than those drafted by lawyers and must be liberally construed.  **Haines v. Kerner**, 404 U.S. 519, 520 (1972); **Hudspeth v. Figgins**, 584 F.2d 1345, 1347 (4th Cir. 1978).

## V. Analysis

The undersigned finds that all claims in the Amended Complaint should be dismissed.  First, Claim 1, challenging the February 27, 2020 arrest, should be dismissed because plaintiff does not dispute that the arrest in question resulted in charges which plaintiff pleaded guilty to.  In **Heck v. Humphrey**, 512 U.S. 477 (1994), the Supreme Court held:

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id*. (citing **Preiser v. Rodriguez**, 411 U.S. 475, 494 (1973)).  Summarizing that line of cases, the Supreme Court later clarified:

> a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

**Wilkinson v. Dotson**, 544 U.S. 74, 81–82 (2005).  Although defendants did not raise **Heck**, the facts set forth in the motions and exhibits make clear that this claim is barred.  *See* [Doc. 90-2 at 7].

Second, all claims against defendants Anglin and Barnette should be dismissed

because these defendants are entitled to qualified immunity. Qualified immunity protects government officials from money damages unless it can be shown "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." **Ashcroft v. al-Kidd**, 563 U.S. 731, 735 (2011) (quoting **Harlow v. Fitzgerald**, 457 U.S. 800, 818 (1982)). To determine whether qualified immunity applies, courts must, "as a threshold matter, determine whether a constitutional or statutory right was deprived" and "[i]f there was no deprivation of such a right, then a defendant is entitled to qualified immunity and the Court need not inquire further." **Minor v. Yanero**, 2008 WL 822102, at *3 (N.D. W.Va. Mar. 26, 2008) (Stamp, J.). "[I]f the constitutional right was sufficiently clear such that an objectively reasonable officer in a defendant's position would have understood his conduct to have violated the right, qualified immunity does not apply. **Porterfield v. Lott**, 156 F.3d 563, 567 (4th Cir. 1998); **Pearson v. Callahan**, 555 U.S. 223, 236 (2009)." **Holley v. Foxx**, No. 17-CV-3140, 2021 WL 3666463, at *11 (D. Md. Aug. 18, 2021). On February 27, 2020, defendant Anglin arrested plaintiff after plaintiff admitted to Anglin that he had driven the Saturn Ion to the Circle K despite having a suspended license; defendant Anglin also observed the welding equipment in the backseat of the Saturn Ion, which he believed was stolen property. *See* [Doc. 90-3 at 11]. The undersigned concludes that defendant Anglin had probable cause to arrest plaintiff, and once plaintiff was arrested, acted reasonably in securing the Saturn Ion to be searched once a warrant could be obtained. Plaintiff is therefore unable to show that defendant Anglin's actions deprived plaintiff of a constitutional or statutory right. Likewise, on February 29, 2020, defendant Barnette arrested plaintiff after collecting evidence which led him to believe plaintiff had stolen the Saturn Ion from defendant

Roberts' garage, including Richard Wilson telling defendant Barnette that plaintiff had admitted to as much. *See* [Doc. 90-3 at 12]. The undersigned finds that defendant Barnette had probable cause to arrest plaintiff, and plaintiff is unable to show that he was deprived of a constitutional or statutory right.

Third, Claim 3, against defendant Roberts, should be dismissed because even assuming plaintiff could show that defendant Roberts sold the Saturn Ion and the welding equipment, plaintiff did not own any of these items and is unable to show damages. As set forth above, the Saturn Ion was owned by plaintiff's father, and plaintiff is unable to show that he owned the vehicle. *See* [Doc. 90-4 at 15]. Likewise, the welding equipment inside the vehicle was stolen from a Tractor Supply store; plaintiff's constitutional rights were not violated when he was deprived of property that he had no right to possess. Further, even if plaintiff could show that he was the rightful owner of the vehicle or the property inside, he has failed to make any showing that defendant Roberts was acting as a under color of state law for purposes of § 1983 liability.

## VI. Recommendation

For the reasons set forth above, the undersigned **RECOMMENDS** that Defendant Frank David Roberts Motion for Summary Judgment [**Doc. 88**] and Defendants A.L. Barnette and J.L. Anglin's Motion for Summary Judgment [**Doc. 90**] be **GRANTED**, and that this case be **DISMISSED WITH PREJUDICE**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should

also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is **DIRECTED** to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further **DIRECTED** to provide copies of this Report and Recommendation to all counsel of record herein.

**DATED**: March 31, 2023.

/s/ *James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE