## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
### Wheeling

**BENJAMIN LEE WILSON,**

Plaintiff,

v.                                          **Civil Action No. 5:21-CV-105**
                                             Judge Bailey

**A.L. BARNETTE, J.L. ANGLIN,**
and **FRANK DAVID ROBERTS,**

Defendants.

### ORDER ADOPTING REPORT AND RECOMMENDATION

The above referenced case is before this Court upon Magistrate Judge Mazzone's recommendation that the Motions for Summary Judgment [Docs. 88 & 90] be granted and this case be dismissed with prejudice. For the reasons that follow, this Court will adopt the R&R.

### BACKGROUND

Plaintiff initiated this action on July 8, 2021, by filing a Complaint under 42 U.S.C. § 1983. *See* [Doc. 1]. Plaintiff is a state prisoner who is challenging two arrests and a search and seizure. *See* [id.]. On June 30, 2023, plaintiff filed an Amended Complaint. *See* [Doc. 55]. According to plaintiff's Amended Complaint, plaintiff was arrested on February 27, 2020,[1] by defendant Anglin, who also searched plaintiff's 2007 Saturn Ion II. [Id. at 7]. Plaintiff's first claim is that although arrested for driving on a suspended license,

---

[1]The Amended Complaint states that the arrest occured on February 27, 2022, however, from other filings in this case, including plaintiff's earlier Complaint, it is apparent that this is an error.

1

plaintiff contends that he was in a nearby building, was not driving the vehicle, and that there was no basis for arresting him or searching the vehicle. [Id.]. Second, plaintiff alleges that the vehicle was seized illegally. [Id. at 8]. Third, plaintiff alleges that his personal property, including the 2007 Saturn Ion II, two welding helmets, and two welders, were sold by defendant Roberts. [Id]. Fourth, plaintiff claims he was illegally detained for twenty-one months. [Id.].

On February 24, 2023, defendant Roberts and defendants Anglin and Barnette filed Motions for Summary Judgment. *See* [Docs. 88 & 90]. Plaintiff filed objections to defendant Roberts and defendants Anglin and Barnette's Motions. *See* [Docs. 98 & 99].

## STANDARDS OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." ***Orpiano v. Johnson***, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir.

2

1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. ***Haines v. Kerner***, 404 U.S. 519, 520 (1972); ***Gordon v. Leeke***, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. Here, plaintiff timely filed his Objections to the R&R [Doc. 105] on April 7, 2023. Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

## DISCUSSION

As identified by the magistrate judge, plaintiff, acting *pro se*, filed a civil rights action pursuant to 42 U.S.C. § 1983. [Doc. 1]. Defendant Roberts and Defendants Anglin and Barnette filed Motions for Summary Judgment. *See* [Doc. 88 & 90]. In the R&R, Magistrate Judge Mazzone found that all four claims in the Amended Complaint should be dismissed. *See* [Doc. 103]. First, in regards to Claim 1, which challenges the February 27, 2020 arrest, the magistrate judge found that this claim should be dismissed because plaintiff does not dispute that the arrest in question resulted in charges that the plaintiff pleaded guilty to. [Id. at 6]. Second, Magistrate Judge Mazzone found that all claims against defendants Anglin and Barnette should be dismissed because defendants Anglin and Barnette are entitled to qualified immunity. [Id. at 6–8]. Third, in regards to Claim 3, against defendant Roberts, the magistrate judge concluded that this claim should be

3

dismissed "because even assuming plaintiff could show that defendant Roberts sold the Saturn Ion and the welding equipment, plaintiff did not own any of these items and is unable to show damages." [Id. at 8].

Plaintiff filed ten (10) pages of objections to Magistrate Judge Mazzone's R&R. *See* [Doc. 105]. Plaintiff's objections raise no cognizable disagreement with the R&R other than a generalized narrative restating the purported actions of the defendants alleged in the complaint. [Id.]. Plaintiff does not point to any instance in which he contends the magistrate judge erroneously summarized the facts underlying this matter or misapplied applicable law contained in the R&R.

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, *de novo* review is unnecessary." ***Green v. Rubenstein***, 644 F.Supp.3d 723, 730 (S.D. W.Va. 2009) (citing ***Orpiano v. Johnson***, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." ***Williams v. New York State Div. of Parole***, 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012).

A party waives any objection to an R&R that lacks adequate specificity. *See **Mario v. P & C Food Markets, Inc.***, 313 F.3d 758, 766 (2d Cir. 2002) (finding that a party's objections to the magistrate judge's R&R were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendation . . . and unsupported by legal authority, [are] not sufficient." ***Mario***, 313

4

F.3d at 766.  Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection."  *Id*.; *see also* Fed. R. Civ. P. 72(b); LR PL P 12.

Upon review of plaintiff's objections, this Court finds that, even when construing them with a deferential view benefitting *pro se* litigants, the averments contained therein are so general that they fail to identify with specificity any portion of the R&R containing legal or factual error.  Accordingly, plaintiff's objections are overruled, and this Court will review the entirety of the R&R for clear error.

## CONCLUSION

Having found no clear error in the magistrate judge's well-reasoned and extensive review of the pleadings, petitioner's objections [**Doc. 105**] are **OVERRULED**, and it is the opinion of this Court that the Report and Recommendation [**Doc. 103**] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report.  Accordingly, Defendants' Motions for Summary Judgment [**Docs. 88 & 90**] are **GRANTED**.

Plaintiff's Amended Complaint [**Doc. 55**] is **DENIED** and **DISMISSED WITH PREJUDICE**.  This Court further **DIRECTS** the Clerk to enter judgment in favor of the defendants and to **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* plaintiff.

**DATED:** April 18, 2023.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE